UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

ANTONIO JOHNSON,
Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
AMERICAN EXPRESS;
GOLDMAN SACHS BANK USA d/b/a APPLE CARD;
WELLS FARGO BANK, N.A.;
FUNDBOX, INC.,
Defendants.

Civil Action No: _____

# COMPLAINT

## I. JURISDICTION AND VENUE

This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

Jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question). Venue is proper in this District pursuant to 28 U.S.C. §1391, as Plaintiff resides in South Carolina and a substantial part of the events giving rise to this action occurred here.

## II. PARTIES

Plaintiff Antonio Johnson is a resident of Myrtle Beach, South Carolina.

Defendant Experian Information Solutions, Inc. is a consumer reporting agency doing business nationwide, including in South Carolina.

Defendant American Express is a financial institution that furnishes consumer credit information to Experian and other consumer reporting agencies.

Defendant Goldman Sachs Bank USA d/b/a Apple Card is a financial institution that furnishes consumer credit information to Experian and other consumer reporting agencies.

Defendant Wells Fargo Bank, N.A. is a financial institution that furnishes consumer credit

information to Experian and other consumer reporting agencies.

Defendant Fundbox, Inc. is a financial institution and furnisher of credit information that reports to Experian and other consumer reporting agencies.

### III. FACTUAL BACKGROUND

Plaintiff was incarcerated in federal custody under case number 4:02-00579–CWH from 2004 until September 10, 2021, serving a 17-year sentence.

While Plaintiff was still incarcerated and shortly after release, multiple fraudulent accounts were opened in his name, including:

- An American Express account (opened June 18, 2021).
- An Apple Card issued by Goldman Sachs Bank USA (opened October 11, 2021).
- A Wells Fargo Bank, N.A. card (opened December 23, 2021).
- A Fundbox business line of credit (opened July 1, 2022).

Plaintiff never applied for, authorized, or used these accounts. These accounts were fraudulently created while Plaintiff was incarcerated or immediately upon release.

Upon release in September 2021, Plaintiff began reviewing his credit and discovered multiple fraudulent accounts. He submitted identity theft disputes with Experian regarding these accounts. Experian initially deleted them.

On September 1, 2025, Experian dispute results confirmed that the fraudulent accounts were removed. However, just three days later, on September 4, 2025, Experian reinserted the same accounts onto Plaintiff's credit file without providing the required written notice or certification from the furnishers, in violation of 15 U.S.C. §1681i(a)(5)(B).

The continued reporting and unlawful reinsertion of these fraudulent accounts has caused Plaintiff severe harm, including:
- Repeated credit denials and inability to obtain a mortgage or rental housing.
- Being forced to live inside a van due to lack of housing opportunities.
- Emotional distress, humiliation, and anxiety.
- Bankruptcy filing costs caused solely by Experian's refusal to properly handle Plaintiff's identity theft claims.

Defendants' conduct was reckless, willful, and in conscious disregard of Plaintiff's rights under the FCRA.

### IV. CAUSES OF ACTION

COUNT I – Failure to Ensure Accuracy (15 U.S.C. §1681e(b)) – Against Experian

COUNT II – Failure to Reinvestigate & Unlawful Reinsertion (15 U.S.C. §1681i) – Against Experian

COUNT III – Willful Noncompliance (15 U.S.C. §1681n) – Against Experian

COUNT IV – Furnisher Liability (15 U.S.C. §1681s-2(b)) – Against American Express

COUNT V – Furnisher Liability (15 U.S.C. §1681s-2(b)) – Against Goldman Sachs Bank USA (Apple Card)

COUNT VI – Furnisher Liability (15 U.S.C. §1681s-2(b)) – Against Wells Fargo Bank, N.A.

COUNT VII – Furnisher Liability (15 U.S.C. §1681s-2(b)) – Against Fundbox, Inc.

## V. DAMAGES

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages exceeding $75,000, including but not limited to:

- Actual damages, including credit denials, bankruptcy costs, and higher borrowing costs.
- Severe emotional distress, humiliation, anxiety, and harm to daily life, including being forced to live inside a van due to inability to rent or obtain a mortgage.
- Statutory damages of $100–$1,000 per violation under 15 U.S.C. §1681n.
- Punitive damages in excess of $500,000 for willful and reckless disregard of Plaintiff's rights.
- Costs and attorney's fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

- For actual damages in an amount exceeding $75,000, to be proven at trial;
- For statutory damages pursuant to 15 U.S.C. §1681n;
- For punitive damages in excess of $500,000;
- For costs and attorney's fees;
- For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Antonio Johnson
Pro Se Plaintiff
PO Box 50222

Myrtle Beach, SC 29579
[Phone / Email]